## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA | CRIMINAL NO. 18-23-5 (PAD) |
|---|---|
| v. | 19-517 (PAD) |
| **JULIO HENRY DE LEON,** Defendant. | RECEIVED AND FILED CLERK'S OFFICE U.S. DISTRICT COURT SAN JUAN, P.R. |

Date: 2021.10.05 10:04:41 -04'00'

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Julio Henry de Leon, and Defendant's counsel, Richard Dansoh, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

   Defendant agrees to plead guilty to Counts 11 and 12 of the Second Superseding Indictment in 18-cr-23:

   Count Eleven:   On or about February 1, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant[],

   …

   [5] JULIO HENRY DE LEON, a/k/a "DE LEON",

   aiding and abetting [another], with the intent to cause death and serious bodily harm, did take a motor vehicle from the person and presence of A.B.C., that is, a 2014

USAO-DPR-Plea Agreement

Toyota Verza, VIN 4T3ZA3BB6EU081433, a vehicle that had been transported, shipped and received in interstate and foreign commerce, by force, violence and intimidation.   All in violation of 18 U.S.C. §§ 2119(1) and 2.

Count Twelve: On or about February 1, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant[],

...

[5] JULIO HENRY DE LEON, a/k/a "DE LEON",

aiding and abetting [another], did knowingly brandish, carry and use a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, 18 U.S.C. § 2119(1), as charged in Count Eleven. All in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

For purposes, of this plea agreement, Defendant pleads guilty to the included offense of aiding and abetting the carrying and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

In addition, Defendant agrees to plead guilty to Counts 1 and 3 of the Superseding Indictment in 19-cr-517:

Count One:         On or about January 8, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

JULIO HENRY DE LEON,

the defendant herein, aiding and abetting others, with the intent to cause death or serious bodily harm, did attempt to take a motor vehicle from the person or presence

of a woman, that is, a 2012 Kia Soul (license plate HZP-091), a vehicle that had been transported, shipped or received in interstate or foreign commerce, by force, violence and intimidation.   All in violation of 18 U.S.C. § 2119(1) and 18 U.S.C. § 2.

\*\*\*

Count Three:        On or about January 23, 27 and 30, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

JULIO HENRY DE LEON,

the defendant herein, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## 2. Maximum Penalties

Count Eleven in 18-cr-23 and Count One in 19-cr-517: The maximum statutory penalty for the offense charged in these counts is a term of imprisonment of fifteen years pursuant to 18 U.S.C. § 2119(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count Twelve in 18-23: The statutory penalty for the offense as charged in Count Twelve is a minimum term of imprisonment of seven years and a maximum term of imprisonment of life pursuant to Title 18 United States Code § 924(a)(2) (*see United States v. Ortiz-Garcia*, 665 F.3d 279, 285 (1st Cir. 2011)); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code

§ 3571(b)(3); and a supervised release term of not more than five years, pursuant to Title 18 United States Code § 3583(b)(1).

Nonetheless, the statutory penalty for the included offense to which Defendant is pleading guilty in Count Twelve is a minimum term of imprisonment of five years and a maximum term of imprisonment of life pursuant to Title 18 United States Code § 924(a)(2) (*see United States v. Ortiz-Garcia*, 665 F.3d 279, 285 (1st Cir. 2011)); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code § 3571(b)(3); and a supervised release term of not more than five years, pursuant to Title 18 United States Code § 3583(b)(1).

Count Three in 19-cr-517: The maximum statutory penalty for the offense charged in this count is a term of imprisonment of five years pursuant to 18 U.S.C. § 924(a)(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

U.S. v. Julio Henry de Leon, 18-23-5/19-517 (PAD)

**4. Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

**5.   Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges

U.S. v. Julio Henry de Leon, 18-23-5/19-517 (PAD)

that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ELEVEN IN 18-CR-23<br>18 U.S.C. § 2119(1) and 2 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase for carjacking pursuant to U.S.S.G. § 2B3.1(b)(5) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **19** |

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE IN 19-CR-517<br>18 U.S.C. § 2119(1) and 2 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase for "brandishing" a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(B) | +5 |
| Increase for carjacking pursuant to U.S.S.G. § 2B3.1(b)(5) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **24** |

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT THREE IN 19-CR-517<br>18 U.S.C. § 922(a)(1)(A) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2K2.1(a)(7) | 12 |
| Increase because offense involved 3-7 firearms pursuant to U.S.S.G. § 2K2.1(b)(1) | +2 |
| Increase for firearms trafficking pursuant to U.S.S.G. § 2K2.1(b)(5) | +4 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **15** |

| COMBINING COUNT ELEVEN IN 18-CR-23 AND COUNTS ONE AND THREE IN 19-CR-517 PURSUANT TO U.S.S.G. § 3D1.4 | |
|---|---|
| Group with highest offense level | 24 |
| •     1 unit for group with highest offense level.<br>•     ½ unit for group (TOL of 19 for Count 11) with offense level 5-8 levels less serious.<br>•     0 units for group (TOL of 15 for Count 3) with offense level 9 or more levels less serious<br>•     1½ units equals increase of 1 offense level | |
| Combined offense level | 25 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **25** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |

| SENTENCING GUIDELINES CALCULATIONS COUNT TWELVE IN 18-CR-23 18 U.S.C. § 924(C)(1)(A)(i) (included offense) |
|---|
| Mandatory minimum of 60 months pursuant to U.S.S.G. § 2K2.4(b), which runs consecutive to all other sentences |

Rod/J.H.D

**8. Sentence Recommendation**

As to Count Eleven in 18-cr-23 and Counts One and Three in 19-cr-517, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of 60 months if the Court determines that Defendant has a Criminal History Category of I, or the lower end of the Guidelines if the Court determines that the Criminal History Category is II or higher.

As to Count Twelve in 18-cr-23, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of 60 months, which will run consecutive to all other sentences imposed upon Defendant.

For example, if the Court determines that Defendant has a Criminal History Category of I, then the parties will recommend 120 months (10 years) for the counts.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

**9. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Richard Dansoh, Esq., and asserts that counsel has rendered effective legal assistance.

*lod/J.H.D*

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

**17. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**18. Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to

dismiss the remaining counts of the Indictment pending against Defendant in this case.

## 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied

admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense.

W. STEPHEN MULDROW
United States Attorney

_____
Timothy Henwood
Chief, Criminal Division
Dated: 10-4-21

_____
Jonathan Gottfried
Assistant U.S. Attorney
Dated: 10/4/21

_____
Richard Dansoh, Esq.
Counsel for Defendant
Dated: 10/3/21

_____
Julio Henry de Leon
Defendant
Dated: 10/3/21.

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 10/3/21.

Julio Henry de Leon
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/3/21

Richard Dansoh
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Julio Henry de Leon admits that he is guilty as charged in Counts 11 and 12 of the Second Superseding Indictment in 18-cr-23 and Counts 1 and 3 of the Superseding Indictment in 19-cr-517 and admits the following:

On January 8, 2018, a woman parked in front of a house in Urb. Metropolis in Carolina around 11 PM.   As she was exiting her 2012 Kia Soul (license plate HZP-091), two men exited a nearby car and approached her.   The area was lit by lamp posts.   One of the men—Julio Henry de Leon—carried a gun and threatened the victim.   Julio Henry de Leon had the intent to cause death or serious bodily harm if the victim did not surrender the car.   Julio Henry de Leon and the other man could not turn on the Kia Soul, which they intended to steal.   They then left in the car in which they had arrived.

Around 11:20 PM on February 1, 2018, a man and woman were in a Toyota Verza (VIN 4T3ZA3BB6EU081433) in a parking lot at Ultimo Trolley in San Juan. Julio Henry de Leon and another man, both of whom were carrying guns, approached the victims and ordered them to get out of the car.   Julio Henry de Leon had the intent to cause death or serious bodily harm if the victims did not surrender the car.   The victims got out of the Verza, and Julio Henry de Leon and the other man took the car.

Both the Kia Soul and Toyota Verza mentioned in the preceding paragraphs had been transported, shipped and received in interstate or foreign commerce prior to arriving in Puerto Rico.

Defendant also engaged in the unlicensed business of dealing in firearms. This included the following:

- On January 23, 2018, Defendant sent via his cellular phone photos of a pistol to someone else.   That person responded via a text message with "How much?"   Defendant responded "1350."

- On January 27, 2018, Defendant sent via his cellular phone a photo of a pistol that was different from the firearm depicted in the photo sent on January 23.   The person to whom Defendant sent the photo responded via a text message "Cool."   Defendant answered, "To sell."

- On January 30, 2018, Defendant sent via his cellular phone a photo of a pistol that was different from the firearms depicted in the photos sent on January 23 and 27, 2018.   Approximately three minutes after sending the photo, Defendant texted "1,550" to the person to whom he had sent the photo.

Defendant was ready and able to procure firearms for the purpose of selling them to customers as a business.   He was not licensed to do so.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and

U.S. v. Julio Henry de Leon, 18-23-5/19-517 (PAD)

documentary evidence, which would have proven beyond a reasonable doubt

Defendant's guilt as charged in in Counts 11 and 12 of the Second Superseding

Indictment in 18-cr-23 and Counts 1 and 3 of the Superseding Indictment in 19-cr-

517.   Discovery was timely made available to Defendant for review.


_____
Jonathan Gottfried
Assistant U.S. Attorney
Dated: _____10/4/21_____

_____
Richard Dansoh, Esq.
Counsel for Defendant
Dated: __10/3/21__

_____
Julio Henry de Leon
Defendant
Dated: __10/3/21__

WAIVER TO BE PHYSICALLY PRESENT IN COURT

I, Julio Henry de Leon, have discussed with my attorney my right to be physically present for my change of plea and sentencing hearings. My attorney has explained to me the Cares Act and the precautions taken due to the Covid-19 pandemic. I knowingly and voluntarily waive my right to be physically present in court for both the change of plea and sentencing hearings.

Signed: Julio Henry De Leon
Date: 10/3/21